IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF COLORADO

Case No. 15-cv-00803-WJM-CBS

UNITED STATES OF AMERICA,       )
                                )
       Plaintiff,               )
                                )
v.                              )
                                )
MOUNTAIN VALLEY LUMBER CO., INC.;)
JOHN M. BAXTER; and CATHERINE ANN)
BAXTER,                         )
                                )
       Defendants.              )

**STIPULATION AND ORDER FOR ENTRY OF PERMANENT INJUNCTION**

The United States of America, through its undersigned counsel, and Defendants Mountain Valley Lumber Co., Inc., John M. Baxter, and Catherine Ann Baxter (collectively, "the Defendants") hereby stipulate and agree to request that the Court enter a permanent injunction against the Defendants as follows:

1. The Court finds that the Defendants have engaged and continue to engage in conduct interfering with enforcement of the internal revenue laws, and that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is appropriate to stop that conduct;

2. The Court orders that the Defendants (individually and doing business under any other name or entity) and their representatives, agents, servants, and employees are permanently enjoined from failing to withhold and pay over in full to the IRS all present and future employment taxes required by law, including federal income, Federal Insurance Contribution Act ("FICA"), and Federal Unemployment Act ("FUTA") taxes, as they become due;

3. The Court orders that the Defendants deposit withheld income and FICA taxes, as well as Mountain Valley Lumber's share of FICA taxes, as they become due, in an appropriate federal depository bank in accordance with the federal deposit regulations;

4. The Court orders that the Defendants deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

5. The Court orders that, by the 20th day of each month, the Defendants deliver to IRS Revenue Officer Sally Kilpatrick or her designee, via means that the IRS deems appropriate, receipts evidencing the income, FICA, and FUTA tax deposits for the month or quarter, as well as a completed worksheet showing the method of calculation for and amounts of the deposits;

6. The Court orders that the Defendants file all employment tax returns on a timely basis with the IRS at a location the IRS deems appropriate;

7. The Court orders that the Defendants timely pay all outstanding liabilities due on each tax return required to be filed;

8. The Court orders that the Defendants (individually and doing business under any other name or entity) and their representatives, agents, servants, and employees are permanently enjoined from transferring any money or property to any other entity in order for that entity to pay the Defendants' employees' wages (with the exception of the Defendants' use of bona fide,

independent, and licensed outside payroll services or contractors or for persons for whom the Defendants properly issue a Form 1099);

9. The Court orders that, from the entry of this permanent injunction until the Defendants pay, in full, the employment tax liabilities that accrue after the injunction's entry, the Defendants (individually and doing business under any other name or entity) and their representatives, agents, servants, and employees are enjoined from assigning or transferring any property or making any disbursements for any purpose;

10. The Court orders that, within 14 days of entry of this permanent injunction, John M. Baxter, Catherine Ann Baxter, and any other person or entity the Defendants authorize to sign checks, or otherwise make disbursements from the Defendants' bank accounts, cash funds, or other property, file an affidavit with IRS Revenue Officer Sally Kilpatrick or her designee stating that (a) he or she has read the permanent injunction that the Court has issued; (b) for each pay period, before signing checks or otherwise disbursing funds, he or she personally will determine that Mountain Valley Lumber has fully paid to the IRS all employment taxes, including FICA and withholding income taxes, as they become due; and (c) he or she will not assign or transfer any of the Defendants' property or rights to property unless all employment taxes for every pay period from entry of this permanent injunction have been paid;

11. The Court shall retain jurisdiction over this matter to ensure compliance with this injunction.

Dated: June 16, 2015

CAROLINE D. CIRAOLO
Acting Assistant Attorney General

/s/ Charles J. Butler
CHARLES J. BUTLER
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C. 20044

*Attorneys for the United States*

Dated: June 16, 2015

John M. Baxter
715 11th Street
Saguache, Colorado 81149

*Individually and on behalf of
Mountain Valley Lumber Co., Inc.*

Dated: June 16, 2015

Catherine Ann Baxter
715 11th Street
Saguache, Colorado 81149

*Individually and on behalf of
Mountain Valley Lumber Co., Inc.*

SO ORDERED.

Dated: 19 June, 2015.

HONORABLE WILLIAM J. MARTINEZ
United States District Judge

4

## CERTIFICATE OF SERVICE

I hereby certify that on June 19, 2015, a copy of the foregoing document was served by first-class mail on the following:

John M. Baxter
715 11th Street
Saguache, Colorado 81149

Catherine Ann Baxter
715 11th Street
Saguache, Colorado 81149

Mountain Valley Lumber Co., Inc.
46231 County Road X
Saguache, Colorado 81149

/s/ Charles J. Butler
Charles J. Butler
Trial Attorney
United States Department of Justice, Tax Division